IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PAMELA J. STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:08-0658 |
| | ) | JUDGE TRAUGER/ KNOWLES |
| | ) | |
| | ) | |
| BAPTIST HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Judge Trauger has referred this matter to the undersigned for a frivolity review under 28 U.S.C. § 1915(e)(2)(B).

Plaintiff, acting pro se, filed this action on June 12, 2008, in the United States District Court for the Western District of Tennessee. Docket No. 1. Plaintiff's Complaint is set forth on a "fill-in-the-blanks" form, which is headed "Complaint under Title VII of the Civil Rights Act of 1964." The Complaint seeks equitable and other relief, pursuant to 42 U.S.C. § 2000e-5(g). Plaintiff also filed a form "Affidavit in Support of Motion Under 28 U.S.C. § 1915 for Appointment of Attorney and Authorization to Commence Suit Without Prepayment of Filing Fee." Docket No. 2.

Shortly thereafter, the Western District Court entered an Order granting Plaintiff leave to proceed in forma pauperis, denying Plaintiff's Motion for the Appointment of Counsel, and transferring the action to this Court pursuant to 28 U.S.C. § 1406(a). Docket No. 3.

Section 1915(e)(2)(B) of Title 28 United States Code states as follows:

> Notwithstanding any filing fee, or any portion thereof, that may
> have been paid, the court shall dismiss the case at any time if the
> court determines that –
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal –
>
>   (i)  is frivolous or malicious;
>   (ii)  fails to state a claim upon which relief may be granted;
>   (iii) seeks monetary relief against a defendant who is immune
>   from such relief.

Plaintiff's Complaint is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Plaintiff avers that she was an employee of Baptist Hospital in Nashville and that she was terminated on September 11, 2007, because of her race. The factual allegations of Plaintiff's Complaint state as follows:

> Lack of getting out all filing of paper work, the reason I could not,
> was because the computer was done [*sic*] the night before. So I
> had double filing to do. I asked my nurse manager for help.
> explained to him the reason why I needed help. along with the
> night unit clerk. Ms Glover who was witness on my behalf.
>
> . . .
>
> 1. Accoused me of putting imporant documents in shreadder on 2
> occasions. Wrote me up. No proof
> 2. Never help me out at the desk with orders like he did the other 2
> unit clerks. I would ask for help.
> 3. Never spoke to any of day employers only white.
> 4. Would make remarks like he only had 2 day time unit clerks
> which were white.
> 5. Would take my overtime away although he had approved it.
> and give it to the other unit clerk Tina may he she decided he
> wanted to work. [*sic*]

Docket No. 1, p. 2-3.

The Complaint also states that Plaintiff filed charges against Defendant with the Equal

Employment Opportunity Commission on April 23, 2007.[1]  The Complaint further avers that the EEOC issued Plaintiff a Notice of Right to Sue, which Plaintiff received on March 16, 2008.  Plaintiff has attached a copy of the Notice to her Complaint.  Docket No. 1, p. 4.

Title VII, as amended, provides in relevant part, "It shall be an unlawful employment practice for an employer – (1) to . . . discharge any individual . . . because of such individual's race . . . ."  42 U.S.C. § 2000e-2(a)(1).  The Complaint clearly avers that Defendant terminated Plaintiff's employment because of her race.  Read liberally, the Complaint avers that the reason for Plaintiff's termination was pre-textual and that Plaintiff was treated differently than the other two unit clerks, who were white.

The action is not frivolous or malicious, it does not fail to state a claim upon which relief may be granted, and it does not seek monetary relief against a Defendant who is immune from such relief.

For the foregoing reasons, the undersigned recommends that process be issued to Defendant.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have ten (10) days after service of any objections filed to this Report in which to file any response to said objections.  Failure to file specific objections within ten (10) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See*

---

[1] The Complaint also states in part, "Defendant [*sic*] filed charges against the defendant with the Tennessee Fair Employment Commission charging defendant with the acts of discrimination indicated in paragraph 9 of this Complaint on or about 4/23/07."

*Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                                _____
                                                E. Clifton Knowles
                                                United States Magistrate Judge

4