IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PAMELA STEWART, )
)
      Plaintiff, )
)
)
vs. ) CASE NO. 3:08-0658
) JURY DEMAND
) JUDGE TRAUGER/KNOWLES
)
BAPTIST HOSPITAL, )
)
      Defendant. )

## REPORT AND RECOMMENDATION

The pro se Plaintiff has submitted a document dated March 25, 2009,[1] the body of which states "Would like to dismiss case against Baptist Hospital without prejudice." Docket No. 16.

Rule 41(a) provides in relevant part as follows:

    (a) Voluntary Dismissal.

        (1) By the Plaintiff.

          (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

            (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

            (ii) a stipulation of dismissal signed by all parties who have appeared.

---

[1] Although the date is somewhat unclear, it appears to be the 25th.

The instant document was filed on April 3, 2009. On October 1, 2008, Defendant filed and served an Answer. Docket No. 11. Thus, Plaintiff cannot voluntarily dismiss her claims against Defendant pursuant to Rule 41(a)(1)(A)(i) simply by filing a Notice of Dismissal.

The instant document is not signed by all parties who have appeared in this action. Therefore, Plaintiff cannot voluntarily dismiss her claims against Defendant pursuant to Rule 41(a)(1)(A)(ii).

Rule 41(a)(2) provides in relevant part, "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The instant document evinces the fact that Plaintiff does wish to dismiss her claims against Defendant.

The undersigned recommends that the instant document (Docket No. 16) be treated as a request to dismiss Plaintiff's claims against Defendant without prejudice, made pursuant to Rule 41(a)(2), and that that request be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge